# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| GRAVITY PLEASANT ) | |
| JEANETTA WELLS PLEASANT ) | |
|     PLAINTIFFS, ) | |
| ) | CIVIL ACTION NO. |
|     v. ) | |
| ) | |
| ROUNDPOINT MORTGAGE ) | |
| SERVICING CORPORATION ) | JURY TRIAL DEMANDED |
| ) | |
| ) | |
|     DEFENDANT. ) | |

## COMPLAINT

COME NOW, the Plaintiffs, Gravity Pleasant ("Mr. Pleasant") and Jeanetta Pleasant ("Mrs. Pleasant"), collectively known as (Plaintiffs) and file their complaint for wrongful foreclosure, fraud, breach of contract, unjust enrichment, wantonness, slander of title, and violation of the Real Estate Settlement Procedure Act ("RESPA") and violation of the Fair Debt Collections Practices Act ("FDCPA") against the Defendant RoundPoint Mortgage Servicing Corporation ("Defendant"). Plaintiffs rely on the complaint filed in this present case, and the Plaintiffs state as follows:

## JURISDICTION AND VENUE

1. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1332, and 12 U.S.C. § 2605 *et seq*.

2. Jurisdiction over Plaintiffs' claims under Alabama law is based on the doctrine of supplemental jurisdiction pursuant to 28 U.S.C. § 1367 (2006).

3. The subject property ("The Property") in located in Shelby County in the Northern District of Alabama, which sits in the jurisdiction of this court. 28 U.S.C. § 1391(b)(2)

1

(2006).

## STATEMENT OF THE PARTIES

4. Plaintiffs, Gravity ("Mr. Pleasant") and Jeanetta ("Mrs. Pleasant") also known collectively as, ("Plaintiffs"), are married citizens of Jefferson County, Alabama.

5. Defendant, RoundPoint Mortgage Servicing Corporation ("Defendant"), is a Florida corporation, with its principal place of business in Charlotte, NC. Defendant regularly conducts business in the state of Alabama.

## STATEMENT OF FACTS

6. Plaintiffs jointly purchased the Property at 1332 Kensington Boulevard, Calera, Alabama 35040 on July 31, 2015. The Property was newly constructed for Plaintiffs by NSH Corporation Dba Signature Homes.

7. The mortgage on the Property was/is insured by the Secretary of the Department of Veteran Affairs via the Veteran's Guaranty Program, and is generally known as a "VA loan". Designated holders are authorized to extend and service loans under the Veteran's Guaranty Program to eligible veterans and their spouses.

8. The Property burned in a catastrophic house fire on February 16, 2016.

9. Plaintiffs were not harmed, however they lost all of their personal belongings and the Property was uninhabitable.

10. Mrs. Pleasant was in the last month of pregnancy and thus Plaintiffs had to quickly seek new shelter and belongings for the care of their son.

11. The Property was later deemed a total loss though the fire department could not determine the cause of the fire. Plaintiffs notified Defendant.

2

12. In May 2016, Plaintiffs forwarded a check in the amount of $170,000 payable to the Defendant resulting from the ensuing insurance claim.

13. Defendant did not apply the proceeds to the loan balance, instead claimed to have erroneously placed the funds in a restricted escrow account.

14. In June 2016, Defendant unlawfully proceeded to foreclosure and pursued a deficiency claim against Plaintiffs.

15. Defendant sold the Property to an undisclosed party.

16. Defendant did not disclose nor relinquish the proceeds from the Property to the Department of Veterans Affairs.

17. Plaintiffs took their grievances to United States Congressman Gary Palmer whose office contacted the Department of Veterans Affairs on their behalf.

18. On April 10, 2017, the Department of Veterans Affairs responded to Plaintiffs inquiry, finding Defendant in violation of VA Regulations.

19. On April 27, 2017, Plaintiffs sent Defendant a Request for Information Pursuant to Section 1024.36 of Regulation X of the Mortgage Servicing Act. Defendant has not responded to date.

20. On June 4, 2017, Plaintiffs sent a Notice of Error letter pursuant to 12 CFR Section 1024.35 of Regulation X of the Mortgage Servicing Act. Defendant's response was inadequate and did not cure its violation of VA Regulations.

21. Defendant unlawfully paid $17,000 of the insurance proceeds to retain counsel for the foreclosure process.

22. As a result of Defendant's unlawful actions, Plaintiffs were forced to seek bankruptcy protection.

23. Plaintiffs never received any loss mitigation options.

24. Plaintiffs have not been able to repair or inhabit their home since its destruction in February 2016.

## **COUNT ONE – WRONGFUL FORECLOSURE**

25. Plaintiff hereby incorporates by reference all other paragraphs of this Complaint as if fully set forth here and further alleges as follows.

26. This claim for wrongful foreclosure is brought against the defendant pursuant to Alabama law.

27. Defendant initiated this foreclosure proceeding and subsequent ejection action in violation of law.

28. Defendant failed to properly demonstrate standing to foreclose on Plaintiffs in that there was no delinquency in payments by Plaintiffs. Defendant was under obligation to apply all insurance proceeds to mortgage balance before pursuing other action.

29. Defendant initiated foreclosure proceedings without offering loss mitigation or forbearance in violation of VA servicing regulations.

30. Defendant's failure to follow VA servicing regulations constitutes unconscionable conduct.

31. The foreclosure proceeding and subsequent ejection action by Plaintiffs was negligent, wanton or intentional, depending on proof adduced at trial

32. As a result, Plaintiffs are liable for all natural, proximate and consequential damages, as well as punitive damages

## COUNT TWO: FRAUD

33. Plaintiff hereby incorporates by reference all other paragraphs of this Complaint as if fully set forth here and further alleges as follows.

34. The willful or reckless suppression of a material fact which a party is under an obligation to communicate constitutes fraud.

35. Liability for such fraud is triggered by the breach of the obligation.

36. Defendant, by its participation in the Veteran's Affairs Loan Guaranty Program had a duty to offer to Plaintiffs and to disclose Plaintiffs' right to loss mitigation and/or forbearance.

37. Defendant concealed and/or failed to disclose this information, much less fulfill its obligation to offer loss mitigation.

38. As a result of Defendant's suppression, Plaintiffs were denied rights under the Veteran's Affairs Loan Guaranty Program.

39. Additionally, despite the fact that Plaintiffs were in continuous communication with Defendant, Defendant's representatives failed to disclose material facts about the foreclosure proceedings had been initiated thereby misrepresenting a material fact.

40. Defendant properly relied on Plaintiff's suppression and was damaged thereby.

41. Plaintiff's misrepresentation and suppression prevented Defendant from taking other actions that could have prevented foreclosure.

42. Defendant claims all damages allowable under law.

## BREACH OF CONTRACT

5

43. Plaintiff hereby incorporates by reference all other paragraphs of this Complaint as if fully set forth here and further alleges as follows.

44. Defendant failed to comply with VA servicing regulations with respect to Plaintiffs' mortgage.

45. Plaintiffs' entered into a contract with Defendant (mortgage agreement).

46. Among the terms of said contract are the VA servicing regulations which require inter alia; careful review of personal circumstances resulting in any default, documented consideration of alternatives to foreclosure such as forbearance and/or loss mitigation and a face to face interview prior to foreclosure where appropriate.

47. Defendant failed to adhere to these terms in any meaningful way, violating both the letter and the spirit of the contract.

48. In addition to, or in the alternative, Plaintiffs' are third party beneficiaries to the contract between Defendant and the Secretary of Veteran's Affairs.

49. Plaintiffs were an intended beneficiary at the inception of the contract.

50. Plaintiffs' rights vested upon their assent to the contract in a manner invited by the parties, namely signing the mortgage agreement and making monthly payments.

51. Defendant breached the contract by failing to comply with VA servicing regulations, including but not limited to fulfilling conditions precedent to foreclosure.

52. Plaintiffs have suffered the harm of foreclosure and the additional harm of ejection as a result of Plaintiff's breach.

53. Defendant claims all damages allowable under law.

## COUNT THREE: UNJUST ENRICHMENT

54. Plaintiff hereby incorporates by reference all other paragraphs of this Complaint as if fully set forth here and further alleges as follows.

55. The actions of Defendant in foreclosing on the Plaintiffs' home in violation of the law resulted in Defendant being unjustly enriched by the assessment and collection of fees and penalties, the proceeds from the foreclosure sale, as well as compensation from the Secretary of Veterans Affairs pursuant to the loan guaranty program.

56. As a result of Defendant's unjust enrichment, Plaintiffs have been injured and damaged in that they have been assessed penalties and fees that were illegal, inaccurate, unauthorized or otherwise improper under threat of foreclosure.

57. Defendant's actions have secured an additional unjust and wrongful windfall, in that they have received the benefits of a risk-free loan guaranteed by the government and after failing to adhere to even the minimum regulatory standards they have collected fees and penalties and with the transfer of the debt obligation to the VA, full compensation.

58. Plaintiffs claim all damages allowable under law as a result of Defendant's wrongful conduct and unjust enrichment

## COUNT FOUR: WANTONNESS

59. Plaintiff hereby incorporates by reference all other paragraphs of this Complaint as if fully set forth here and further alleges as follows.

7

60. Defendant knowingly and intentionally conducted a wrongful foreclosure on Plaintiffs' property with a reckless disregard for the consequences of its actions.

61. Defendant knowingly and intentionally withheld material information it had a duty to disclose to Plaintiffs with a reckless disregard to consequences.

62. As a result, the Defendant is liable for all natural, proximate and consequential damages due to its wantonness as well as punitive damages.

## COUNT FIVE: SLANDER OF TITLE

63. Plaintiff hereby incorporates by reference all other paragraphs of this Complaint as if fully set forth here and further alleges as follows.

64. Defendant, in filing a wrongful foreclosure has caused a cloud to be placed on the title of the property of the Plaintiffs.

65. Defendant's slander of Plaintiffs' title, was the proximate cause of injuries and damages and claims all damages allowable under the law

## COUNT SIX: VIOLATION OF REAL ESTATE SETTLEMENT PROCEDURES ACT ("RESPA")

66. Plaintiff hereby incorporates by reference all other paragraphs of this Complaint as if fully set forth here and further alleges as follows.

67. The Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §2605 *et seq.,* provides a private right of action by purchasers of mortgages against lenders and loan servicers who, *inter alia*, fail to comply with the federal law mandates for timely researching, responding and if need be, removing derogatory information from borrower loan histories.

68. Defendant has failed to comply with the terms of RESPA, §6 despite the repeated requests of Plaintiffs.

69. Defendant breached RESPA by intentionally, recklessly or negligently compiling erroneous loan history information on Plaintiffs, and by failing to properly research and rescind such ruinous information within a reasonable time and without charge.

70. Defendant has been given a reasonable opportunity to cure such failures to comply, and has repeatedly failed to do so.

71. As a result of the foregoing, Plaintiffs have suffered damages to an extent and in an amount reserved for determination at trial.

## COUNT SEVEN: FAIR DEBT COLLECTION PRACTICES ACT ("FDCPA")

72. The allegations of paragraphs above are incorporated herein as if fully restated.

73. Under the FDCPA, a debt collector is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." However, it further states that "[f]or the purpose of §1692f(6) of this title, such term also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests."

74. Under § 1692f(6), debt collectors and those enforcing security interests alike are prohibited from:
    i. [Taking or threatening] to take any non-judicial action to effect dispossession or disablement of property if — there is no present right to

          possession of the property claimed as collateral through an enforceable security interest;

          ii. there is no present intention to take possession of the property; or

          iii. the property is exempt by law from such dispossession or disablement.

75. Defendant threatened to and ultimately executed a foreclosure sale at a time where there was no present right to possession of the property because Defendant had failed to properly apply payments received prior to acceleration and declaration of default and failed to fulfill contractual and promissory obligations.

76. Defendant violated the FDCPA, 15 U.S.C. § 1692f, by using unfair and unconscionable means to collect the debt owed by the Plaintiffs, including the collecting and attempting to collect of interest and other charges, fees and expenses not authorized by governing Agreement, or otherwise legally chargeable to the Plaintiffs, as more fully set forth above.

77. The acts and omissions of Defendant constitute numerous violations of the FDCPA with respect to the Plaintiffs.

78. Plaintiffs claim all damages allowable under law.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs having set forth their claims for relief against the Defendant, respectfully pray of the Court as follows:

    a. That Plaintiffs recover against the Defendant a sum to be determined by a jury of their peers in the form of actual damages;

b.  That Plaintiffs recover against the Defendant a sum to be determined by a jury of their peers in the form of punitive damages;

c.  That Plaintiffs recover against the Defendant a sum to be determined by a jury of their peers in the form of statutory damages;

d.  That Plaintiffs be awarded reasonable attorney's fees, costs, expenses;

e.  That the foreclosure be set aside; and

f.  That Plaintiffs be granted any relief the Court may deem just and proper

**JURY DEMAND**

Respectfully submitted this 26th day of October, 2017.

THE RICE FIRM, LLC

/s/Richard A. Rice

RICHARD A. RICE (RIC086)
Attorney for the Plaintiffs

WELLS FARGO TOWER
NORTH 420 TWENTITH STREET
SUITE 2200
Birmingham, Alabama  35203
Telephone: 205.618.8733
Facsimile: 888.391.7193

**JURY DEMAND**

**Please serve <u>ALL</u> Defendant by Process Server or Certified Mail at the following addresses:**

ROUNDPOINT MORTGAGE SERVICING CORPORATION
c/o CORPORATION SERVICE COMPANY INC
641 SOUTH LAWRENCE STREET
MONTGOMERY, AL 36104

**JURY DEMAND**