FILED
2018 Jun-26 PM 01:49
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **GRAVITY PLEASANT** and **JEANETTA WELLS PLEASANT,**  Plaintiffs, vs. **ROUNDPOINT MORTGAGE SERVICING CORPORATION,**  Defendant. | Civil Action Number 2:17-cv-01807-AKK |

## ORDER

The court has before it the Plaintiffs' Motion to Reconsider, doc. 6, asking that the court reconsider its February 22, 2018 order dismissing this action for failure to timely complete service pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. Doc. 5. To support their motion, the Plaintiffs assert that counsel failed to perfect service in error, and a breakdown in communication amongst counsel led to the failure to respond to the court's show cause order. These contentions are unavailing.

As an initial matter, even considering the Plaintiffs' explanation for their failure to timely perfect service, dismissal without prejudice is still warranted. Rule 4(m) provides:

> [i]f a defendant is not served within 90 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

The court reads this language to suggest that if, prior to dismissal, good cause for the delay in service is shown, the court must extend the time for service. However, if the plaintiff instead waits until after dismissal to show good cause, she forfeits her entitlement to an extension of the time for service under the rule. Accordingly, even if good cause existed, standing alone, it would not require the court to extend the time for service after dismissing the lawsuit on that ground.

Moreover, to the extent that Rule 4 allows the court to extend the time to serve the complaint even after dismissal, the Plaintiffs' motion still fails to provide an adequate factual basis to establish the existence of good cause. According to the Plaintiffs, they failed to perfect service within 90 days "in error" and that due to a "break-down of communication between [the Plaintiffs' attorneys] . . . the Notices on the case were automatically forwarded to an unmonitored e-mail address." Doc. 6 at 1. This reason falls short of constituting good cause, which "exists 'only when some outside factor[,] such as reliance on faulty advice, rather than inadvertence or negligence, prevented service.'" *Lepone-Dempsey v. Carroll Cty. Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007) (quoting *Prisco v. Frank*, 929 F.2d 603, 604 (11th Cir. 1991)); *Anderson v. Osh Kosh B'Gosh*, 255 F. App'x 345,

347 (11th Cir. 2006) (same). Indeed, good cause generally requires a showing of the influence of "factors outside a plaintiff's control, such as sudden illness, natural catastrophe, or evasion of service of process." *Madison v. BP Oil Co.*, 928 F. Supp. 1132, 1137 (S.D. Ala. 1996) (quotation omitted). However, "the mere absence of prejudice, inadvertent error, or ignorance of the rules does not constitute good cause." *Pridemore v. Regis Corp.*, No. 3:10-cv-605-J-99MHH-JT, 2011 WL 9120, at *2 (M.D. Fla. Jan. 3, 2011). Therefore, the cited reasons fail to establish good cause. As such, for this reason also, the motion to reconsider, doc. 6, is **DENIED**.[1]

**DONE** the 26th day of June, 2018.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE

---

[1] The court recognizes that, even in the absence of good cause, it is still required to determine whether "other circumstances warrant an extension of time based on the facts of the case." *Lepone-Dempsey*, 476 F.3d at 1282. Here, the Plaintiffs have not indicated that the statute of limitations would bar a refiling of this action and the record does not reflect any attempts by the Defendant to evade service. *See id.* Thus, no other circumstances warranting an extension exist.